## WILLIAM OLDHAM v. ANDREW STAKER.

This court will not review the decision of the court below, on a question of practice addressed to its discretion, except in a clear case of oppression or wrong.

APPEAL from Burleson. Tried below before the Hon. R. E. B. Baylor.

The facts of this case are fully stated in the opinion of the court.

*George W. White*, for appellant.

*Rogers*, for appellee.

BELL, J. The appellant here was the defendant in the court below. The record discloses that an attorney of the defendant asked leave of the court to withdraw his pleas, and to have his name stricken from the docket, as attorney in the cause. This leave was granted by the court, and the pleas were withdrawn. One of the pleas withdrawn, was a plea of re-convention. At the time of the withdrawal of the pleas, by one of the attorneys of the defendant, another attorney took leave of the court to amend the defendant's answer. In a short time, the cause was reached on the docket, and called for trial. The plaintiff's counsel moved to dismiss his suit. The defendant's counsel

then placed the pleas that had been withdrawn, on the clerk's table, and asked that they might be filed, and insisted that the plaintiff could not dismiss his suit, inasmuch as a plea of re-convention had once been filed, and was again offered for filing.

It will be observed, that the pleas were not placed on the clerk's table for file, until after the plaintiff had moved the court to dismiss his cause.

We think the plaintiff had the right, under the circumstances, to dismiss his suit. The point is one belonging to that large class of questions, which must be left to the discretion of the presiding judge. The judge below is nearer to the case than this court is, and is better able to decide upon the rights of the parties.

In reference to such questions as are here presented, this court will never undertake to review the exercise of discretion by the judge below, except in a clear case of oppression or wrong.

The judgment of the court below is affirmed.

Judgment affirmed.